**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **V.** | § | **CRIMINAL NO. 6:06-CR-49** |
| | § | |
| **RAYFORD MCKINNEY** | § | |

**REPORT AND RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE**

On November 20, 2009, the Court conducted a hearing to consider the government's petition to revoke the supervised release of Defendant, Rayford McKinney. The government was represented by Jim Middleton, Assistant United States Attorney for the Eastern District of Texas, and Defendant was represented by Wayne Dickey.

Defendant originally pleaded guilty to the offense of Misdeamant in Possession of a Firearm, a class C felony. The offense carried a statutory maximum imprisonment term of ten years. The United States Sentencing Guideline range, based on a total offense level of 13 and a criminal history category of III, was 18 to 24 months. On February 12, 2007, U.S. District Judge Michael H. Schneider sentenced Defendant to 24 months imprisonment and two years supervised release subject to the standard conditions of release, plus special conditions to include participation in any combination of psychiatric, psychological, or mental health treatment as deemed appropriate by the treatment provider. On September 10, 2008, Defendant completed the term of imprisonment and began service of the supervision term.

Under the terms of supervised release, Defendant was prohibited, in relevant part, from any unlawful use of a controlled substance, from illegally possessing a controlled substance, from answering untruthfully to all inquiries by probation officers, and from excessively using alcohol. Additionally, Defendant was required to participate in a program of testing and treatment for drug

use and to participate in any combination of psychiatric, psychological, or mental health treatment as deemed appropriate by the treatment provider. In its petition, the government alleges Defendant violated his conditions of supervised release by: testing positive for cocaine on May 1, 2009, and August 13, 2009; possessing cocaine through said use on May 1, 2009, and August 13, 2009; denying using cocaine when confronted about positive test results on August 13, 2009; arriving on May 1, 2009, at the County Rehabilitation Center under the influence of alcohol; failing to report for urine testing on December 4, 2008, and December 18, 2008, and failing to provide a urine specimen on January 15, 2009; and failing to report for his mental health appointments as schedule on January 13, 2009, May 13, 2009, June 22, 2009, June 23, 2009, August 17, 2009, and September 28, 2009.

If the Court finds by a preponderance of the evidence that Defendant committed these violations, a statutory sentence of no more than 24 months of imprisonment may be imposed. 18 U.S.C. § 3583(e)(3). Pursuant to Section 7B1.4(a) of the Sentencing Guidelines, violating a condition of supervision by possessing cocaine would constitute a Grade B violation, for which the Court may revoke Defendant's term of supervised release in favor of a term of imprisonment. U.S.S.G. § 7B1.3(a)(2) Considering Defendant's criminal history category of III, the Guidelines imprisonment range for a Grade B violation is 8 to 14 months. U.S.S.G. § 7B1.4(a). Pursuant to Section 7B1.1(a) of the Sentencing Guidelines, violating a condition of supervision by submitting urine specimens which tested positive for cocaine, failing to submit a urine specimen for testing, failing to answer truthfully to all inquiries by a probation officer, failing to refrain from excessive alcohol use, and failing to participate in mental health treatment would constitute a Grade C violation, for which the Court may revoke Defendant's term of supervised release in favor of a term

2

of imprisonment. U.S.S.G. § 7B1.3(a)(2). Considering Defendant's criminal history category of III, the Guideline imprisonment range for a Grade C violation is 5 to 11 months. U.S.S.G. § 7B1.4(a).

At the hearing, the parties indicated they had come to an agreement to resolve the petition whereby Defendant would plead true to violating conditions of supervision by: testing positive for cocaine on May 1, 2009, and August 13, 2009; possessing cocaine through said use on May 1, 2009, and August 13, 2009; denying using cocaine when confronted about positive test results on August 13, 2009; arriving on May 1, 2009, at the County Rehabilitation Center under the influence of alcohol; failing to report for urine testing on December 4, 2008, and December 18, 2008, and failing to provide a urine specimen on January 15, 2009; and failing to report for his mental health appointments as schedule on January 13, 2009, May 13, 2009, June 22, 2009, June 23, 2009, August 17, 2009, and September 28, 2009. In exchange, the government agreed to recommend that Defendant serve 8 months with no additional supervised release to follow.

Pursuant to the Sentencing Reform Act of 1984, and the agreement of the parties, the Court **RECOMMENDS** that Defendant, Rayford McKinney, be committed to the custody of the Bureau of Prisons for a term of imprisonment of 8 months with no supervised release to follow. The Court **RECOMMENDS** that the place of confinement be at the Federal Correctional Institution in Seagoville, Texas.

The parties have waived their right to object to the findings of the Magistrate Judge in this matter so the Court will present this Report and Recommendation to District Judge Michael Schneider for adoption immediately upon issuance.

**So ORDERED and SIGNED this 20th day of November, 2009.**

                                            JOHN D. LOVE
                               UNITED STATES MAGISTRATE JUDGE